## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT OWENSBORO

**TODD JASON RALEY**                                                                                           **PLAINTIFF**

**v.**                                **CIVIL ACTION NO. 4:07-CV-70-M**

**DAVID OSBORNE et al.**                                                          **DEFENDANTS**

### MEMORANDUM OPINION

The plaintiff, Todd Jason Raley, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

### I. SUMMARY OF CLAIMS

The events in question occurred when the plaintiff was a pretrial detainee at Daviess County Detention Center. The plaintiff sues in their official capacities Jailer David Osborne and Nurse Vicki Isom of the Daviess County Detention Center. He alleges that he made a medical request to see the doctor at the Daviess County Detention Center, Dr. Carol Byrd. He states that when Dr. Byrd asked him whether he was allergic to any medications he stated that he was allergic to Prozac, and Dr. Byrd "noted that down." He further alleges that a few months later, on December 15, 2006, he saw Dr. Byrd for an eye infection and while he was there he asked Dr. Byrd if he could get something for acid reflux, specifically Prilosec OTC, which he took at home. Dr. Byrd asked Nurse Isom to order the plaintiff some Prilosec OTC 40 mg. The plaintiff further alleges that the next week "around 4 am, [he] started receiving what [he] thought was Prilosec OTC off the medical cart that the Deput[ie]s handed out." He alleges that after about two weeks he started feeling bad, with sweating and headaches. He states that around the end of

December 2006 he went to the nurse's office and she gave him some Tylenol and he continued taking what he thought was Prilosec OTC for his acid reflux. He states that in the middle of February he began having bad chest pains with a racing heart and stomach cramps. He also states that he could not sleep at night and his eye sight began to be affected. He alleges that on February 18, 2007, he went back to the nurse's office with worsening symptoms and Nurse Isom gave him Amoxicillin for 10 days but that it did not stop the pain. He states that he then checked the medicine cart the next morning to see what he was getting with his Prilosec OTC and realized that Nurse Isom had ordered him Fluoxetine 10 mg (Prozac) and that it was his allergy to Prozac that was causing his health problems.

The plaintiff states that his eye sight is still bad and that Nurse Isom had put his life and health in danger. He asks for monetary and punitive damages of $300,000 each.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, ___, 127 S. Ct. 1955, 1974 (2007).

The plaintiff sues each of the defendants in their official capacities. If an action is brought against an official of a governmental entity in his official capacity, the suit should be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, in the case at bar, the plaintiff's claims against the jailer and Nurse Isom in their official capacities are actually brought against Daviess County. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

When a § 1983 claim is made against a municipality, a court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the

city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

In the instant case, the plaintiff has failed to allege the existence of a governmental policy or custom relative to the nature of his complaints and claims. He states that Nurse Isom had ordered him Prozac without the order from Dr. Byrd "for some unknown reason." Because the plaintiff does not allege the existence of a direct causal link between a municipal policy or custom and the alleged violation of his rights, *see Monell*, 436 U.S. at 691, he has failed to state a claim for which relief may be granted against the Daviess County government, and the action must be dismissed. The Court will enter a separate order consistent with this Memorandum Opinion.

Date:

cc: Plaintiff, *pro se*
    Defendants
    Daviess County Attorney
4414.009